Howard M. RODNEY, Appellant,

v.

Dolores EDWARDS, a widow, Appellee.

No. 7372.

Court of Civil Appeals of Texas.

Texarkana.

April 3, 1962.

Rehearing Denied April 24, 1962.

Herminie Hanson and Louise C. Rowen (of Stewart, Burgess, Morris & Hanson), Galveston, for appellant.

Henry Flagg, Galveston, for appellee.

DAVIS, Justice.

This was a suit in trespass to try title by Dolores Edwards, a widow, against Howard M. Rodney. The suit was for a small lot in the City of Galveston, Texas. The trial court, without a jury, rendered judgment for the appellee. The appellant has perfected his appeal and brings forward six points of error.

Prince Edwards, deceased, husband of the appellee, was by a prior marriage the husband of Rebecca Edwards. Rebecca Edwards died in 1941. Rebecca Edwards, by a previous marriage, was the mother of the appellant.

Prince Edwards and wife, Rebecca Edwards, acquired the property from Isaac O'Donald on September 19, 1921.

Prince Edwards married Dolores Williams in April of 1944. On May 5, 1944, Prince Edwards conveyed the property involved to the appellant. On May 6, 1944, the appellant conveyed the property to Prince Edwards. Prince Edwards died July 19, 1954. In 1953, while he was in the hospital, the appellant actually put these people on notice of his claim to the property by going to the hospital and trying to get Prince Edwards to make him a deed.

The appellant filed a plea of not guilty. He attempted to prove that he had a common law marriage prior to May 6, 1944. The record shows that he was actually ceremoniously married to his wife on July 23, 1945. The property was not community property of the appellant and his wife at the time it was conveyed to him by Prince Edwards in 1944.

The appellant attempted to claim the land under the ten year statute of limitations. According to his contention, he went into possession of the land in 1941. He did not put the appellee on notice that he was claiming title to the property until 1953. Appellant never did show any act of ownership, adverse or hostile claim, or give any notice contrary to the provisions of the deed that he executed on May 6, 1944. Lang, Land Titles, 5 Texas Practice 404–405–406, Secs.

871 and 872; Killough et al. v. Hinds et ux., 161 Tex. 178, 338 S.W.2d 707.

The judgment of the trial court is affirmed.